AO 106 (Rev. 04/10) Application for a Search Warrant

AUTHORIZED AND APPROVED/DATE: s/David McCrary 10/13/22

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

ONE CELLULAR TELEPHONE: A RED IN COLOR I-PHONE, IMEI UNKNOWN, SEIZED FROM MARCUS LAMAR RICHARDSON

Case No. M-22-749 -SM

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of Fentanyl |
| 21 U.S.C. § 846 | Drug Conspiracy |

The application is based on these facts:

See Attached Affidavit.

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: __________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

TFO Jimmy J. Peek, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Oct. 13, 2022

[signature]
*Judge's signature*

City and state: Oklahoma City, Oklahoma

Suzanne Mitchell, U.S. Magistrate Judge
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| IN THE MATTER OF THE SEARCH OF ONE CELLULAR TELEPHONE: A RED IN COLOR I-PHONE, IMEI UNKNOWN, SEIZED FROM MARCUS LAMAR RICHARDSON | Case No. M-22-749 -SM |
| --- | --- |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT**

I, Jimmy J. Peek, Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND OFFICER BACKGROUND

1. I am a DEA TFO and have served in that capacity for approximately a year. As such, I am "an investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in 18 U.S.C. § 2516. In addition to serving as a DEA TFO, I have served in the Grady County Sheriff's Office for the last approximately twenty years. Through my work at both the DEA and Grady County Sheriff's Office, I have been involved in a wide variety of investigative matters, including numerous investigations targeting individuals and organizations involved in the

unlawful distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. As part of my investigative experience both with the DEA and Grady County Sheriff's Office, I have executed search and arrest warrants, conducted physical surveillance, coordinated controlled purchases with confidential sources, analyzed records documenting the purchase and sale of illegal drugs, and spoken with informants and subjects, as well as other local and federal law enforcement officers, regarding the manner in which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs. I am also familiar with the frequent role that cellular phones play in the modern drug trafficking trade.

2. I am submitting this Affidavit in support of a search warrant authorizing a search of a **red iPhone, IMEI unknown, seized from Marcus Lamar Richardson** (hereinafter **Target Cell Phone**)—as further described in **Attachment A**, which is incorporated into this Affidavit by reference. The DEA in Oklahoma City has custody of the **Target Cell Phone** in Oklahoma City, Oklahoma. I am submitting this Affidavit in support of a search warrant authorizing a search of the **Target Cell Phone** for the items specified in **Attachment B** hereto, wherever they may be found, and to seize all items in **Attachment B** as instrumentalities, fruits, and evidence of the aforementioned crimes.

3. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me

regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## BACKGROUND OF INVESTIGATION

4. The DEA has been investigating the distribution of fentanyl in and around Chickasha, Oklahoma. On December 30, 2021, law enforcement responded to a near-fatal overdose of Donovan Summy in Chickasha. At the scene, law enforcement recovered a single, half smoked fentanyl-laced pill. Mr. Summy's friend admitted to acquiring the pill for Mr. Summy from Brianna Hugar, the girlfriend of Marcus Lamar Richardson (RICHARDSON). Law enforcement was able to review text messages between Ms. Hugar and Mr. Summy's friend which confirmed the sale of the fentanyl-laced pill. Ms. Hugar has subsequently confirmed that the pill was provided to her by RICHARDSON, and that RICHARDSON has supplied her with fentanyl-laced pills for approximately two years. Based, in part, on this information, RICHARDSON was indicted federally on September 6, 2022, for violations of both 21 U.S.C. §§ 846 (drug conspiracy) and 841(a)(1) (distribution of fentanyl).

5. On September 7, 2022, RICHARDSON was arrested on the resulting federal warrant. When he was arrested, RICHARDSON—who appeared

extremely lethargic and showed signs of being under the influence of an unknown substance—was found to be in possession of the **Target Cell Phone**, which law enforcement was able to determine corresponded to number (580) 583-9211.[1] Records from the cellular provider show that RICHARDSON was the user/subscriber of the **Target Cell Phone**, and that he had used it from October 25, 2021, to the date of his arrest. Furthermore, law enforcement was able to review records from the Grady County Detention Center (GCDC), which reveal that RICHARDSON had been using the **Target Cell Phone** to call detainees at the GCDC, including at least three individuals who have been either charged with, or involved in, the distribution of fentanyl-laced pills in Grady County. In addition, Ms. Hugar stated she spoke to RICHARDSON frequently on the phone, including to discuss the acquisition and distribution of fentanyl-laced pills.

6. Based upon my training and experience, I am aware that individuals involved in trafficking illegal drugs often use cell phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal drugs. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited

---

1 Law enforcement called (580) 583-9211, which resulted in the **Target Cell Phone** ringing, thereby confirming that association of the number to the device.

to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos. This is particularly true in a case like this, where RICHARDSON has a long history of drug trafficking. It is patent that RICHARDSON is no "street-level dealer," and was therefore undoubtedly communicating both with high-volume buyers, as well as his source of supply, using cellular phones—a common tool of the trade for drug traffickers.

7. The **Target Cell Phone** is currently located in secure evidence storage at the DEA Oklahoma City District Office. In my training and experience, I know that the **Target Cell Phone** has been stored in a manner in which its contents are (to the extent material to this investigation) in substantially the same state as it was when the **Target Cell Phone** first came into the possession of DEA Oklahoma City.

8. Based on my training, experience, and research; I know that the **Target Cell Phone** has capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

9. Based on the above information, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **Target Cell**

**Phone**. Therefore, I respectfully request that this Court issue a search warrant for the **Target Cell Phone**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

10. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

11. There is probable cause to believe that things that were once stored on the **Target Cell Phone** may still be stored there, for at least the following reasons:

a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

12. *Forensic evidence.* As further described in **Attachment B**, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **Target Cell Phone** was used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the **Target Cell Phone** because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous

to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

13. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Target Cell Phone** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the **Target Cell Phone** to human inspection in order to determine whether it is evidence described by the warrant.

14. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

15. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **Target Cell Phone** described in **Attachment A** to seek the items described in **Attachment B.**

Respectfully submitted,

JIMMY J. PEEK
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on October 13th, 2022.

SUZANNE MITCHELL
United States Magistrate Judge
Western District of Oklahoma